UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )
) Index No.: 19-CIV-2441
Plaintiffs, )
) COMPLAINT
-against- )
)
)
HPA ASSOCIATES, INC. AND HUDSON PAINTING )
ASSOCIATES, INC. AND HUDSON PAINTING GROUP INC., )
)
)
Defendants. )

---

Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, & Shepherd LLP allege as follows:

## NATURE OF THE ACTION AND JURISDICTION AND VENUE

1. This is a civil action based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer and its related Company of specific statutory and contractual obligations to submit the required monetary contributions, and/or reports to the Funds and cooperate in the conduct of an audit. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds when due, Defendants violated their Trade Agreement, the respective trust agreements of the Funds, the Taft-Hartley Act, and ERISA.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered, multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Trade Agreements in accordance with Section 302(c)(5)(1) and (c)(6) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5) and (c)(6)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Defendants are required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Defendants and the Union. The

Funds are third party beneficiaries to the Trade Agreements and are authorized to collect contributions on behalf of the employees of the Defendants, and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and the respective trust agreements of the Funds that concern the protection of employee benefit rights.

7. The Funds' maintain an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

8. Upon information and belief, the Defendant, HPA Associates Inc. (hereinafter referred to as "HPA" or "Corporate Defendant") at all relevant times was and is an "employer" within the meaning of Sections 3(5), (11) and (12) and Section 515 of ERISA (29 U.S.C. Sections 1002 (5)(11) and (12) and Section 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185). HPA is or was an employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to Trade Agreements, all as defined in ERISA 3(3) and (37), and are obligated to make contributions to the Plans in accordance with ERISA Section 515, 29 U.S.C. Section 1145.

9. Upon information and belief, HPA was and is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York and doing business in the State of New York with its principal place of business at 120 Jefferson Street, Staten Island, New York, 10304, in the County of Richmond.

10. Upon information and belief, the Defendant, Hudson Painting Associates Inc. (hereinafter referred to as "Hudson Painting" or "Corporate Defendant") at all relevant times was and is an "employer" within the meaning of Sections 3(5), (11) and (12) and Section 515 of ERISA (29

U.S.C. Sections 1002 (5)(11) and (12) and Section 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, Hudson Painting was and is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with their principal place of business at 120 Jefferson Street, Staten Island, New York, 10304, in the County of Richmond.

12. Upon information and belief, Defendant, Hudson Painting Group Inc. (hereinafter referred to as "Hudson Painting Group" or "Corporate Defendant") at all relevant times was and is an "employer" within the meaning of Section 515 of ERISA (29 U.S.C. Sections 1002 (5)(11) and (12) and Section 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

13. Upon information and belief, Defendant, Hudson Painting Group was and is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with their principal place of business at 120 Jefferson Street, Staten Island, New York, 10304, in the County of Richmond.

14. HPA and Hudson Painting and Hudson Painting Group are parties in interest with respect to the Plans as defined in ERISA Section 3(14)(H) (29 U.S.C. Section 1002(14)(H)) and Defendants HPA and Hudson Painting and Hudson Painting Group act directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) (29 U.S.C. Section 1002(5)).

15. To the extent that HPA and Hudson Painting and Hudson Painting Group exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, it is a fiduciary within the meaning of ERISA Section 3(21)(A) (29 U.S.C. Section 1002(21)(A).

## BACKGROUND

### A. Trade Agreement between HPA and the Union

16. Upon information and belief and at all relevant times, HPA and individually executed an Agreement with the Union, with respect to which the Funds are third-party beneficiaries.

17. The Agreement requires that HPA among other things, remit fringe benefit contributions to the Funds in a timely fashion for work performed within the trade and geographical jurisdiction of the Union. The Agreement also obligates HPA to report how many hours were worked by its employees within the jurisdiction of the Union and gives the Funds the right to audit HPA.

18. The Agreement further required HPA to submit reports to the Funds and to furnish its books and records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

19. The Agreement and the Trust Fund Policy for Delinquent Contributions (hereinafter referred to as the "Policy") also requires HPA to submit the fringe benefit contributions on a weekly basis. Failure by an Employer to remit fringe benefit contributions on a timely basis shall result in interest being assessed at the rate of the two (2%) above prime per annum, which shall be calculated based upon the sum of all fringe benefit contributions due. In addition the Agreement and Policy state that liquidated shall also be assessed at the rate 20% of the principal contributions.

### B. HPA and Hudson Painting and Hudson Painting Group are all bound by the Trade Agreement and are alter egos and/or single employer and a continuing enterprise

20. HPA and Hudson Painting and Hudson Painting Group perform the same type of work in the greater New York area.

21. Upon information and belief, HPA and Hudson Painting and Hudson Painting Group have had and/or currently have affiliated business enterprises at all times relevant to this action.

22. Upon information and belief, HPA and Hudson Painting and Hudson Painting Group have interrelated operations, common ownership and management, centralized control of labor relations, share assets, transfers of monies, offices, payroll, similar or same business purpose, same operations, same bookkeeper/controller, office employees, equipment, customers, employees, and performed work within the trade and geographical jurisdictions of the Union. Accordingly, HPA and Hudson Painting and Hudson Painting Group constitute a single employer and/or are alter egos and their employees constitute a single bargaining unit, and are both bound to the Agreement.

23. Upon information and belief the defendant corporations are owned, operated, and controlled by the same owner or "owner group", and each provide mutually supportive services to the substantial advantage of the other such that each is operationally interdependent of each other and, therefore may be treated as a single enterprise and/or alter egos.

24. Upon information and belief HPA and Hudson Painting and Hudson Painting Group aided HPA in evading its contractual obligations to Plaintiffs. More specifically, but not limited to, HPA subcontracted its work to Hudson Painting and Hudson Painting Group when it benefited the defendant corporations financially and vice versa. Further, upon information and belief, HPA performed work through its alter egos Hudson Painting and Hudson Painting Group under the jurisdiction of the Union without making contributions to the Funds.

25. Upon information and belief, Hudson Painting and Hudson Painting Group aided HPA by performing work within the trade and geographic jurisdiction of the Union without conforming to the terms of the Agreement. Accordingly, Defendants Hudson Painting and Hudson Painting Group are alter egos and/or single employers of HPA and is bound by the terms of the Agreement.

26. Upon information and belief, HPA has an ownership, stock, equitable or managerial interest in Defendants Hudson Painting and Hudson Painting Group.

27. Upon information and belief, although Janet Papraniku on behalf of HPA executed the Agreement with the Union, in fact, it is her husband, Omer Klobucista who controls HPA and also owns and controls Hudson Painting and Hudson Painting Group. Both Janet Papraniku and Omer Klobucista had and/or still have authority to execute documents on behalf of all corporate defendants.

28. Further, by the terms of the Agreement, any company which performs bargaining unit work and in which any signed employer, or any of the owners, have an ownership interest or control, are bound by the Agreement.

29. Article XV Section 5 of the Agreement provides, in pertinent part:

> Any Employer who shall perform work in a joint venture or through a subsidiary or affiliated company shall be responsible and liable for the compliance with the terms of this Agreement by such joint venture or subsidiary or affiliated company.

> Additionally, Article XXI Section 1 (d) of the Agreement states, in pertinent part: Where the Trustees determine that an Employer is being operated in the name of a nominee, family member, successor entity or alter ego of an individual actually controlling the Employer, the Trustees may consider any default of the obligations set forth in such Articles to be the default of said controlling individual.

30. Upon information and belief, at all times material hereto, HPA has ownership interest and/or control in Hudson Painting and Hudson Painting Group and share employees and at some time the companies were located at the same address, that is, 120 Jefferson Street, Staten Island, New York, 10304, in the County of Richmond.

31. HPA and Hudson Painting and Hudson Painting Group have not dealt at arms-length with each other.

32. Upon information and belief, sums of money were frequently and regularly shifted between the corporate defendants. Upon information and belief, there were no loan agreements.

33. Accordingly, HPA and Hudson Painting and Hudson Painting Group are alter egos of and/or a single employer with each other and are thus parties to the Agreement, bound by their terms and jointly and severally liable for each other's obligations under the Agreement.

## CAUSES FOR RELIEF

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF
### CONTRACT AGAINST HPA AND HUDSON PAINTING AND HUDSON PAINTING GROUP
### FOR FAILURE TO SUBMIT TO AN AUDIT)

34. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "33" of this Complaint as if fully set forth at length herein.

35. Pursuant to the Agreement and Policy, HPA is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of HPA's financial records for the purpose of ascertaining whether the full and accurate amount of benefit contributions have been made to the Funds as required under the Agreement and Policy.

36. Hudson Painting and Hudson Painting Group as alter egos and/or single employees of HPA, are required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of Hudson Painting and Hudson Painting Group's financial records for the purpose of ascertaining whether the full and accurate amounts of benefit contributions have been made to the funds.

37. HPA has partially failed and Hudson Painting and Hudson Painting Group have fully failed and refused to allow an audit by the Funds for the effective period of the Agreement.

38. HPA and Hudson Painting and Hudson Painting Group's failure, refusal or neglect to allow an audit constitutes a violation of the Agreement and Policy, wherein the Funds are third party beneficiaries.

39. Plaintiffs brought this action in part, to compel the audit of HPA and Hudson Painting

and Hudson Painting Group's books and records and pursuant to the Agreement to collect the benefit contributions that may be found to be due and owing, plus interest, liquidated damages, auditors' fees, attorneys' fees and court costs incurred by the Funds.

40. Accordingly, HPA and Hudson Painting and Hudson Painting Group must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to the Funds for benefit contributions found due and owing pursuant to an audit, plus liquidated damages, interest, auditors' fees, and attorneys' fees in an amount to be determined by the audit, plus court costs incurred by the Funds.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY HPA and HUDSON PAINTING AND HUDSON PAINTING GROUP DUE TO THE FAILURE TO SUBMIT TO AN AUDIT)

41. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "40" of this Complaint as if fully set forth at length herein.

42. In accordance with ERISA Section 209, 29 U.S.C. 1059, HPA and its alter egos and/or single employers, Hudson Painting and Hudson Painting Group, are responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

43. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Trade Agreement.

44. An employer who has failed to cooperate with an audit of its books and records and to pay or timely pay the fringe benefit contributions and/or to submit the contribution reports owed as a result of work performed by individual employees of the employer, constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

45. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, plus liquidated damages and interest on the unpaid principal amount due, together with auditors' fees, attorneys' fees, costs and disbursements incurred in the action.

46. The failure to permit an audit has injured the Funds, if contributions are owed, by delaying the investment of contributions that are found due pursuant to the audit and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

47. Accordingly, HPA and Hudson Painting and Hudson Painting Group are liable to the Funds under the Agreement and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit of HPA ad Hudson Painting and Hudson Painting Group's books and records and pay the contributions that may be found due and owing.

48. Accordingly, HPA ad Hudson Painting and Hudson Painting Group must permit and cooperate in the conduct of an audit and HPA ad Hudson Painting and Hudson Painting Group are liable to the Funds in an amount to be determined by the audit, which shall include liquidated damages, interest, auditors' fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132) and court cost incurred.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY HPA and HUDSON PAINTING AND HUDSON PAINTING GROUP DUE TO THE FAILURE TO REMIT FRINGE BENEFIT CONTRIBUTIONS)

49. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "48" of this Complaint as if fully set forth at length herein.

50. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

51. At all times relevant herein, HPA ad Hudson Painting and Hudson Painting Group were a party in interest with respect to the Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

52. By withholding the contributions from the Funds, HPA ad Hudson Painting and Hudson Painting Group dealt with plan assets in its own interest and/or exchanged property or extended credit from plan assets for its own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

53. By retaining assets of the Funds for their own use, HPA ad Hudson Painting and Hudson Painting Group as a fiduciary has breached the fiduciary obligations owed to the Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

54. HPA ad Hudson Painting and Hudson Painting Group are singly and jointly liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

55. As a result of the breaches of fiduciary duty described above, HPA ad Hudson Painting and Hudson Painting Group are liable to the Funds for the amounts found due pursuant to any audit performed of the books and records of the corporate defendants, which include contributions, interest,

liquidated damages, and the costs and fees of collection.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

56.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "55" of this Complaint as if set forth at length herein.

57.     Pursuant to ERISA, the Agreement and the Policy, HPA and Hudson Painting and Hudson Painting Group are required to timely submit current fringe benefit contributions and reports to the Funds.

58.     During the course of the instant action, the Funds may become aware of additional contributions and/or delinquency charges that may become due and owing. If HPA and Hudson Painting and Hudson Painting Group fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment as follows:

On the First, Second, Third and Fourth Claims for Relief against HPA ad Hudson Painting and Hudson Painting Group:

(a) An Order requiring the Defendants to permit and fully cooperate in an audit of the Defendants' books and records by the Plaintiffs or its agents.

(b) For a Judgment against the Defendants for any monies found due and owing as a result of the audit of Defendants' books and records which shall include the principal amount due, plus interest calculated at 2% percent above prime per annum from the date of the delinquency, liquidated damages calculated at twenty (20%) percent of the principal amount found due, reasonable attorneys' fees and the cost of the audit as provided for in the Trade Agreement and/or Policy for Collection of Delinquent Contributions;

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

(d) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
March 19, 2019

                                                  Respectfully submitted,

                                                  BARNES, IACCARINO &
                                                  SHEPHERD LLP

                                                  *Dana L. Henke* (signature)
                                                  Dana L. Henke
                                                  Attorneys for Plaintiffs
                                                  258 Saw Mill River Road
                                                  Elmsford, New York 10523
                                                  (914) 592-1515